**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
SOUTHERN DIVISION

STEVEN POLING  :

    Plaintiff  :

v.  : CASE No. RWT-12cv454

GARY D. MAYNARD, et al  :

    Defendants  :

## DEFENDANT WEXFORD HEALTH SOURCES, INC.'S ANSWERS TO PLAINTFF'S INTERROGATORIES

FROM:    WEXFORD HEALTH SOURCES, INC., DEFENDANT

TO:    STEVEN POLING, PLAINTIFF

Defendant, Wexford Health Source, Inc. ("Defendant"), by and through its attorneys, Joseph B. Chazen, Gina M. Smith, and Meyers, Rodbell & Rosenbaum, P.A., answers the Interrogatories propounded by Plaintiff as follows:

A. These Interrogatories are answered to the best of Defendant's ability; however, Defendant reserves the right to amend its answers upon acquiring further information or to clarify the information provided, if necessary.

B. The word usage and sentence structure of these answers is not necessarily that of the Defendant but may be that of Defendant's attorney who assisted in preparation of these answers.

C. These Interrogatories are answered in accordance with the Federal Rules of Procedure and are not necessarily in accordance with Plaintiff's instructions.

*******

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
VERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{044385.DOC}

## GENERAL OBJECTIONS

1. Defendant objects to each Interrogatory to the extent that it seeks to elicit information protected against disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other rule of privilege or confidentiality provided by law.

2. Defendant objects to each Interrogatory to the extent that it seeks to impose burdens not contemplated by the Federal Rules of Civil Procedure or to alter or expand the obligations there under.

3. By making the responses set forth herein, Defendant does not concede that the information requested is relevant to this action. Defendant expressly reserves its right to object to further discovery into the subject matter of any of these Interrogatories and to the introduction into evidence of any answer or portion thereof.

4. Defendant, therefore, objects to each and every Interrogatory for the above reasons and hereby explicitly incorporates these General Objections into each of its responses.

\* \* \* \* \*

## INTERROGATORIES

**INTERROGATORY NO. 1:** State your name, business address and telephone number, and your title and/or position with Wexford Health Sources, Inc.

### ANSWER No. 1

Joe Ebbitt
Director, Risk Management,
HIPAA Compliance, and Legal Affairs
Wexford Health Sources, Inc.
Foster Plaza 4
501 Holiday Drive
Pittsburgh, PA 15220

**INTERROGATORY NO. 2:** State the names, home and business addresses, home and business telephone numbers, and job titles of each and every physician or other health care provider who saw, treated and/or cared

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

2

for Steven Poling # 354-705 at the Maryland Correctional Institute, Hagerstown, from January 2009 through the present.

**ANSWER No. 2**

Defendant objects to this Interrogatory to the extent it is overly broad and unduly burdensome as numerous health care providers were involved in rendering care and treatment to Plaintiff generating a medical record which exceeds over 700 pages. Furthermore, not all of the encounters between Plaintiff and his health care providers recorded in Plaintiff's chart concern treatment related to the issues in this litigation. Without waiving this objection, pursuant to Federal Rule of Civil Procedure 33 (c), Defendant adopts and incorporates Plaintiff's Department of Public Safety and Correctional Services ("DPSCS") medical chart which identifies those health care providers involved in Plaintiff's care.

**INTERROGATORY NO. 3:** With regard to the persons identified in Answer to Interrogatory No. 2 above, please identify those individuals who were employees of Wexford Health Sources, Inc. If any such person has since terminated his or her employment with Wexford Health Sources, Inc., please provide the date of said termination, last known home address and telephone number.

**ANSWER No. 3**

Defendant objects to this Interrogatory to the extent it is overly broad and unduly burdensome as numerous health care providers were involved in rendering care and treatment to Plaintiff generating a medical record which exceeds over 700 pages. Furthermore, not all of the encounters between Plaintiff and his health care providers recorded in Plaintiff's chart concern treatment related to the issues in this

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

litigation. Without waiving this objection, between July 1, 2005 through June 30, 2012, Wexford was solely contracted with Maryland's Department of Public Safety and Correctional Services ("DPSCS") to provide utilization review services for inmates in the system. During the relevant timeframe, the scope of Wexford's utilization review services provided by contract to inmates in the DPSCS included reviewing requests received from correctional site medical providers for specialty care for certain diagnostic testing, referrals to specialists and other offsite specialty care for approval, deferral, denial or other recommendation.

Accordingly, during that timeframe, Wexford did not provide primary health care to inmates in the DPSCS and thus did not employ the on-site primary health care providers delivering health care to Plaintiff. Prior to July 1, 2012, neither Wexford nor its employees, agents or servants had any direct contact with Plaintiff.

On July 1, 2012, Wexford become the primary medical contractor for inmates in the DPSCS system. Wexford also continues to provide utilization review services.

**INTERROGATORY NO. 4:** With regard to the persons identified in Answer to Interrogatory No. 2 above, please identify the employer of any person who was not, at the time of this occurrence, an employee of Wexford Health Sources, Inc.

**ANSWER No. 4**

See Interrogatory Answer Nos. 2 and 3. Wexford did not employ primary health care providers delivering care onsite to inmates in the DPSCS system including Plaintiff until July 1, 2012 the effective date of its contract with DPSCS to provide primary health care.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

4

**INTERROGATORY NO. 5:** State whether Wexford Health Sources, Inc. has ever been a party in any administrative, civil or criminal proceeding arising out of or resulting from the rendering or failure to render health care. If "yes", state the case name, case number, name of the complaining party, State, County and tribunal before whom the proceedings took place.

**ANSWER No. 5**

Defendant Wexford, being a nationwide provider of prison medical services, is regularly named as a defendant in lawsuits. Accordingly, Defendant objects to this Interrogatory to the extent it is overly broad and seeks information neither relevant nor germane to the subject litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:** Identify each person whom you expect to call as an expert Witness at trial. With respect to any expert witness you expect to call at trial, please:

    a. state the subject matter on which the expert is expected to testify;
    b. the substance of the findings and opinions to which the expert is expected to testify; and
    c. a summary of the grounds for each opinion;

**ANSWER No. 6**

Experts will be identified in accordance with the Court's Scheduling Order. Accordingly, this Interrogatory will be supplemented by incorporation of Defendant's Expert Designation.

**INTERROGATORY NO. 7:** With respect to any expert witness you expect to call at trial, please:

    a. Identify the data or other information considered by the witness in forming the opinions;

    b. Provide a listing (by jurisdiction, caption and case number if available) of any other cases in which the witness had testified as an expert at trial or by deposition within the preceding four years, indicating the side or party for whom the witness testified and the attorney representing such party;

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'IRDALE PARK, MARYLAND 20737-1385
(301) 699-5800

5

c. State the number of cases on which the witness has previously consulted with the counsel or firm retaining that expert in this case, and identify the case if the testimony occurred within the last four years;

d. he witness has previously testified in deposition, hearing, or trial on behalf of a party represented by the counsel or firm retaining that expert, and identify the case if the testimony occurred within the last four years,

### ANSWER No. 7

Experts will be identified in accordance with the Court's Scheduling Order. Accordingly, this Interrogatory will be supplemented by incorporation of Defendant's Expert Designation.

**INTERROGATORY NO. 8:** Identify all witnesses who you intend to call to testify at trial for the purpose of offering opinion testimony (including, but not limited to, treating physicians, consultants, pathologists, and economists), other than those identified in response to Interrogatory No. 6 above, and the anticipated subject matter of their opinions. Please provide any and all reports prepared by such witnesses.

### ANSWER No. 8

Such witnesses will be identified in accordance with the Court's Scheduling Order. Accordingly, this Interrogatory will be supplemented by incorporation of Defendant's Expert Designation.

**INTERROGATORY NO. 9:** If you have in your possession or have any knowledge of any photograph, scan, x-ray, pathology slide, picture, motion picture, drawing electronic image or other graphic or pictorial representation to the claims in this case or relating to the injuries claimed to result therefrom, list each such item describing its subject matter, date or dates upon which taken or prepared, by whom taken or prepared, and name of the person who now has custody or possession thereof.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

### ANSWER No. 9

<u>See</u> Pursuant to Federal Rule of Civil Procedure 33(c), Plaintiff's DPSCS medical chart a copy of which has been produced with Defendant's Responses to Request for Production of Documents.

**INTERROGATORY NO. 10:** Please set forth each date on which Steven Poling #354-705 was seen by an agent, servant and/or employee of Wexford Health Sources, Inc. at the Maryland Correctional Institute, Hagerstown, from January 2009 through the present, stating for each date: (1) the time of day Steven Poling was seen; (2) the reason he was seen; (3) any examinations and/or tests conducted; (4) the diagnosis reached; (5) the plan of care; (6)and any orders or treatment prescribed.

### ANSWER No. 10

<u>See</u> Interrogatory Answer Nos. 2, 3 and 4.

**INTERROGATORY NO. 11:** Please relate the substance of each conversation that any agent or employee of Wexford Health Sources, Inc. had with Steven P. Poling #354-705 at the Maryland Correctional Institute, Hagerstown, from January 2009 through the present **that is not reflected in the medical records** and, as to each such conversation, state the date and time of day, the substance of each conversation, and the identity all persons who were present.

### ANSWER No. 11

Defendant has no personal knowledge of any conversations between Plaintiff and Wexford's employees, agents or servants beyond those contained in the medical chart and utilization notes provided. Accordingly, pursuant to Federal Rule of Civil Procedure 33 (c), Defendant adopts and incorporates Plaintiff's Department of Public Safety and Correctional Services ("DPSCS") medical chart which identifies those health care providers involved in Plaintiff's care. As set forth above, Wexford did not employ primary health

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
ERDALE PARK, MARYLAND 20737-1395
(301) 699-5800

7

care providers delivering care on site to inmates in the DPSCS system including Plaintiff until July 1, 2012.

**INTERROGATORY NO. 12:** Did Wexford Health Sources, Inc., through its agents, servants and/or employees, consult (formally or informally) with any other health care provider in connection with any care and treatment of Steven Poling #354705 at the Maryland Correctional Institute, Hagerstown, from January 2009 through the present? If so, set forth the name and address of the health care provider with whom it consulted, date of the consultation, the substance of any and all conversations or consultations, the action taken as a result of the consultation and the identify of any documents or records relating to the consultation, of all such individuals, attaching copies of all documents hereto.

### ANSWER No. 12

During the relevant timeframe, requests for specialty care were presented to Wexford employee Robert Smith, M.D. and Asresahegn Getachew, M.D, M.P.H. for utilization review and disposition. In further response to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33 (c), utilization review notes generated from those consultation requests are incorporated herein in response to this Interrogatory. Those notes have been produced with Defendant's Responses to Request for Production of Documents.

**INTERROGATORY NO. 13:** If any person or entity carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action against you or to indemnify or reimburse for you payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised by the person relating to coverage for this action.

### ANSWER No. 13

Evanston Insurance Company which provides Professional Liability - Errors & Omissions coverage for THE BANTRY GROUP CORPORATION DBA: WEXFORD HEALTH SOURCES, INC. AND BALLYMORE MEDICAL MANAGEMENT under

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

Policy No. SM-889682. The policy period is from July 1, 2012 to October 1, 2013. The policy provides a per claim policy limit of $3,000,000.

**INTERROGATORY NO. 14:** Please identify all instances in which Wexford Health Sources, Inc., through any of its agents, servants and/or employees requested review of any proposed medical services, evaluations, diagnostic study, or test, or treatment for Steven Poling #354-705 from January 2009 through the present.

**ANSWER No. 14**

Pursuant to Federal Rule of Civil Procedure 33 (c), see Plaintiff's DPSCS medical chart and utilization review notes copies of which have been produced with Defendant's Responses to Request for Production of Documents. Prior to June 30, 2012, requests for utilization review were presented to Wexford by the primary medical contractor, Corizon (formerly known as CMS, Inc.) On or after July 1, 2012, Wexford became the primary medical contractor and also continued to provide utilization review services. Accordingly, request for utilization review services presented on or after July 1, 2012 to Wexford were also generated by Wexford's employees providing primary medical care at the facility where Plaintiff was confined.

**INTERROGATORY NO. 15:** For each instance in which Wexford Health Sources Inc., through any of its agents, servants and/or employees requested review of any proposed medical services, evaluations, diagnostic study, or test, or treatment for Steven Poling #354-705, as identified in Answer to Interrogatory No. 14, state (1) the nature of the medical service, evaluation, diagnostic study, test and/or proposed treatment, Wexford Health Services, Inc., for which review was requested; (2) the person who initiated such request; (3) the person(s) who participated in such review; (4) the person(s) who made the decision on behalf of Wexford Health Sources, Inc., on such requests; (5) the decision made with respect to each such requests; and (6) the reasons set forth for each decision made on each such requests.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

## ANSWER No. 15

Defendant objects to the compound nature of this Interrogatory to the extent it asks six separate questions within the framework of a single Interrogatory. Defendant further objects to the extent this Interrogatory is vague and ambiguous as worded. Without waiving these objections, see Interrogatory Answer No. 14. Pursuant to Federal Rule of Civil Procedure 33 (c) Defendant further incorporates Plaintiff's DPSCS medical chart and utilization review notes copies of which have been produced with Defendant's Responses to Request for Production of Documents.

**INTERROGATORY NO. 16:** Describe in detail the "collegial" and/or collegial review" process referred to in Steven Poling medical record's as well as in the Declaration of Sharon Baucom, M.D. attached as Exhibit 2 to the Motion to Dismiss, Or In The Alternative, Motion for Summary judgment filed by the State Defendants in this matter for the time period of January 2009 to March 2012. In your answer, describe: (1) the purpose of such review; (2) how such reviews are initiated; the person(s) who participate in such reviews,(3) all documents generated as part of this review process; and (4) the person(s) responsible for the disposition of such reviews.

## ANSWER No. 16

Defendant objects to the compound nature of this Interrogatory to the extent it asks four separate questions within the framework of a single Interrogatory.

Without waiving these objections, on-site primary medical providers would present requests for elective out-patient specialty care including, but not limited to certain diagnostic testing, physical therapy, evaluation by specialty physicians and elective surgical care for utilization review. Patients for whom utilization

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK MARYLAND 20737-1385
(301) 699-5800

reviews were sought would be placed on a list which was circulated to participants in the utilization review process. At a designated date and time for each correctional facility, primary medical providers tasked with presenting cases for utilization review would participate in a conference call with a Wexford utilization review physician and utilization review nurse. Written requests for consultation generated by the primary medical provider were not always circulated in advance of that call to Wexford. Additionally, patients could be added to the list at the time of the call to expedite approval for care.

During that conference call, the primary medical provider would identify the specialty care sought and provide information he or she deemed pertinent regarding the patient in support of that request. This process is referred to as collegial review. Following presentation, disposition was rendered which typically fell into three categories including approval of the care, proposal of alternative treatment or a deferral of disposition on the basis that further clinical information was necessary to make a determination. Non-approval of the specialty service as not medically indicated was also a disposition option. Notes documenting the process were recorded by a Wexford utilization review nurse. A copy of the relevant utilization notes for Plaintiff has been produced with Defendant's Responses to Request for Production of Documents. During the relevant timeframe, utilization review nurses participating in the process included Ruth Messenger, R.N. and Brian Harter, R.N.

If the disposition was a non-approval of the specialty care determined to be not medically indicated a non-approval letter was generated. An appeal

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

11

process for non-approved care is set forth in Maryland DPSCS Utilization Management Policies and Procedures a copy of which has been produced with Defendant's Responses to Request for Production of Documents.

Following an initial utilization review disposition, in the event of a change in the patient's clinical condition which resulted in the original request for specialty care and\or continuing complaints from the patient, cases could be re-presented for utilization review at any time or as often as necessary at the discretion and clinical judgment of the primary medical provider.

Subject to DPSCS contract penalties which could later be challenged, primary medical providers could elect to obtain the specialty care without following the utilization review process.

Acute medical care, including emergency hospitalizations did not require prospective utilization reviews. Rather, review of this care was performed retrospectively. Furthermore, certain care, such as routine dental care did not require utilization review.

**INTERROGATORY NO. 17:** For each instance where medical care recommended or proposed for Steven Poling from January 2009 to the present was submitted for "collegial" or "collegial review", state: (1) the identity of the person(s) who requested or initiated such review; (2) the nature or the recommended or proposed medical treatment for which review was sought; the date(s) on which each such review was initiated; (3) the identity of the person(s) who participates in such reviews, (4) all documents generated as part of this review process; and (5) the person(s) responsible for the disposition of such reviews.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

### ANSWER No. 17

Defendant objects to the compound nature of this Interrogatory to the extent it asks five separate questions within the framework of a single Interrogatory. Without waiving this objection, see Interrogatory Answer No. 16. See also, Plaintiff's DPSCS medical chart and utilization review notes copies of which have been produced with Defendant's Responses to Request for Production of Documents.

**INTERROGATORY NO. 18:** State all reasons why the request for orthopedic and/or neurosurgical consultation made between April 25, 2011 and May 27, 2011 of Steven Poling's neck mass was denied. In your answer, identify all persons who participated in the decision to deny such request.

### ANSWER No. 18

See Plaintiff's utilization review notes copies of which have been produced with Defendant's Responses to Request for Production of Documents. Defendant contends that its records reflect that during this time frame it pended a single elective specialty care request for orthopedic evaluation. This consultation request was not denied, but rather alternative care was proposed. As indicated therein, requests for specialty consults during this timeframe were presented to Robert Smith, M.D. by Plaintiff's on-site treating health care providers.

**INTERROGATORY NO. 19:** State all reasons why the request for MRI evaluation of Steven Poling's cervical spine made on or after July 25, 2011 of Steven Poling's neck mass was denied. In your answer, identify all persons who participated in the decision to deny such request.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

### ANSWER No. 19

See Plaintiff's utilization review notes copies of which have been produced with Defendant's Responses to Request for Production of Documents and reflect the requests presented for review. As indicated therein, requests for specialty consults during this timeframe were presented to Robert Smith, M.D. by Plaintiff's on-site treating health care providers. During the timeframe in this Interrogatory, Wexford has no record of a request for MRI which was presented to Wexford for this patient for utilization review. However, Defendant continues to search its files and will supplement this Interrogatory if necessary.

**INTERROGATORY NO. 20:** Identify all persons who provided Utilization Management services for Wexford Health Sources, Inc. at the Maryland Correctional Institute, Hagerstown, from January 2009 through the present.

### ANSWER No. 20

Utilization review services were provided by Robert Smith, M.D. and Asresahegn Getachew, MD, M.P.H. Additionally, Dr. Smith and Dr. Getachew were assisted in that process by Wexford employees, Ruth Messenger, R.N. and Brian Harter, R.N.

**INTERROGATORY NO. 21:** Identify all persons who provided health care services for Wexford Health Sources, Inc. at the Maryland Correctional Institute, Hagerstown, from January 2009 through the present.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

#### ANSWER No. 21

See Answer to Interrogatory Nos. 2, 3 and 4.

**INTERROGATORY NO. 22:** If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

#### ANSWER No. 22

Defendant objects to this Interrogatory to the extent it seeks attorney work product. Without waiving this objection, see Defendant's Responses to Request for Production of Documents. Defendant further reserves the right to utilize any document produced by any party during the course of discovery.

**INTERROGATORY NO. 23:** If you contend that at any time from January, 2009 through March 2012, Plaintiff Steven Poling, by any act or omission on his part, caused or contributed to his injuries, please state in detail, with substantiating facts, each such act or omission by Plaintiff.

#### ANSWER No. 23

Defendant makes no such contention at this time. However, as discovery remains ongoing, Defendant reserves the right to supplement this Request.

**INTERROGATORY NO. 24:** Identify the persons who served as State Medical Director, Regional Medical Director and Site Medical Director at Maryland Correctional Institute,: Hagerstown for the time period January 2009 through March 2012.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
/ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

### ANSWER No. 24

Between January 2009 through March 2012, the positions of State Medical Director, Regional Medical Director and Site Medical Director would have been filled by the primary medical contractor, Corizon. However, to the best of Wexford's knowledge during the relevant timeframe the State Medical Director, Regional Medical Director was Dereje Tesfaye, M.D. and Site Medical Director was Sadik Ali, M.D.

**I DO SOLEMNLY SWEAR AND AFFIRM** under the penalties of perjury that the matters set forth above are true and correct to the best of my information and belief.

3.25.14
Date

Joseph Ebbitt
Director of Risk Management,
HIPAA Compliance, and Legal Affairs

Respectfully Submitted,

**MEYERS, RODBELL & ROSENBAUM, P.A.**

By: Joseph B. Chazen
jchazen@mrrlaw.net

16

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

By: [signature]
Gina M. Smith
gsmith@mrrlaw.net
6801 Kenilworth Ave., Suite 400
Riverdale, Maryland 20737
(301) 699-5800

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of March 2014, a copy of the foregoing Wexford's Answers to Interrogatories to Plaintiff Steven Poling was mailed, postage prepaid, to:

Gregory K. Wells, Esquire
Shadoan, Michael & Wells, LLP
108 Park Avenue
Rockville, Maryland 20850

Larry D. McAfee, Esquire
Gleason, Flynn, Emig & Fogleman, Chartered
11 North Washington Street, Suite 400
Rockville, Maryland 20850

Benjamin Davis, Esquire
Marks, O'Neil, O'Brien
Doherty & Kelly, P.C.
600 Baltimore Avenue, #305
Towson, Maryland 21204

[signature]
Gina M. Smith

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
'ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

17