# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

Steven Poling

        Plaintiff

  v.

Gary D. Maynard, et al.,

        Defendants

Case No. RWT-12-CV-434

## CORIZON, INC.'S ANSWERS TO INTERROGATORIES

TO:      Wexford Health Sources, Inc., Co-Defendant

FROM:  Corizon, Inc. ("Co-Defendant" or "Corizon")

## GENERAL OBJECTIONS

1. The information supplied in these Answers is not based solely upon the knowledge of the executing party, but includes knowledge of the party's agents, representatives, and attorneys, unless privileged.

2. The word usage and sentence structure is that of the attorney who in fact prepared these answers and the language does not purport to be the exact language of the executing party.

3. Corizon, Inc. generally objects to these Interrogatories to the extent that the Co-Defendant Wexford seeks information which is not discoverable under the Maryland Rules of Civil Procedure.

4. Corizon, Inc. assumes that Co-Defendant Wexford is not seeking to obtain information protected by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection or restriction. To the extent that the Co-Defendant Wexford seeks information protected by such privileges, the Defendant asserts such privileges to their fullest extent and, accordingly, will not provide such information.

5. Corizon, Inc. generally objects to any Interrogatories which seek "all" information which may be related to a specific issue, as being unduly burdensome, overly extensive and not generally within the practical capabilities of Co-Defendant.

6. Corizon, Inc. generally objects to any Interrogatories which improperly combine multiple questions, requests or subparts in violation of the Maryland Rules of Civil Procedure.

7. In the interest of complying with the Maryland Rules of Civil Procedure, the Defendant will respond specifically to each Interrogatory. However, by doing so, Corizon, Inc.

does not waive the applicability of these General Objections, or the specific objections as noted in Answer to any particular Interrogatory. The Defendant reserves the right to assert any objection noted herein notwithstanding the fact that an Answer is provided below.

8. Corizon, Inc. hereby explicitly incorporates the foregoing objections to each and every of the following Answers to Interrogatories.

## ANSWERS

**INTERROGATORY 1:** Please detail all facts and identify all documents surrounding any utilization review request for specialty medical care, including but not limited to, specialty diagnostic testing, presented by you, your agents, servants or employees to Wexford Health Sources, Inc. on Plaintiff Steven Poling's behalf for disposition.

**ANSWER:** See Plaintiff's medical records, previously produced by Wexford, and Answer to Interrogatory 2.

**INTERROGATORY 2:** For each utilization review request, identified in the proceeding answer, please set forth:

   (a) The date the request for specialty care was presented;

   (b) The specific specialty care sought;

   (c) The identity of the Corizon, Inc. employee presenting and the Wexford Health Sources, Inc. representative to whom the request for specialty care was presented.

   (d) The substance of what was communicated to Wexford Health Sources, Inc. during utilization review as the basis for the specialty care sought;

   (e) The utilization review disposition of the request for specialty care.

**ANSWER:**

| Date of Request | Description of Utilization Review Request | Disposition |
|---|---|---|
| April 25, 2011 | Dr. Oteyza request for biopsy of neck mass and orthopedic or neurology consultation. | Not Granted. |
| July 25, 2011 | Dr. Oteyza consultation request for MRI or referral and evaluation by orthopedist. | Not Granted. |
| August 22, 2011 | P.A. Emily Staub consultation request for neurology evaluation. | Not Granted. |
| August 24, 2011 | P.A. Emily Staub re-writes neurology consultation request for physical therapy. | Granted. |
| November 1, 2011 | P.A. Emily Staub consultation request for physiatry evaluation. | Granted. |

| December 7, 2011 | P.A. Emily Staub consultation request for MRI of cervical spine and epidural steroid injection. | MRI and epidural steroid injection not granted. On-site physical therapy with traction granted. |
|---|---|---|
| January 15, 2012 | Emergency services to rule out dirverticulosis. | Granted. |
| February 14, 2012 | Dr. Didden consultation request for immediate MRI of the brain. | Initially not granted on February 15, 2012, then later granted on February 22, 2012. |
| February 27, 2012 | Emergency services for general weakness and MRI of brain. | Granted. |

Between Plaintiff's discharge from the hospital on or about March 12, 2012 until June 30, 2012, Corizon, Inc. health care providers wrote utilization review requests for post-operative follow up and rehabilitation. These consultation requests were granted by Wexford. Corizon's investigation is ongoing and it reserves the right to supplement or amend this answer.

**INTERROGATORY 3:** If there was any utilization disposition that you disagreed with, please set forth:

(a) Whether you appealed any recommended disposition issued by Wexford Health Sources, Inc.;

(b) If an appeal was taken, the outcome of the appeal;

(c) Whether your request for the specialty care was ever represented by you for utilization review. For each document identified please set for [sic] the current custodian.

**ANSWER:** Corizon, Inc. disagreed with Wexford's disposition of its consultation requests dated April 25, 2011, August 24, 2011, December 7, 2011, and dated February 14, 2012. No appeal was taken of the April 25, 2011, August 24, 2011, and December 7, 2011 dispositions based on Plaintiff's reported history of traumatic injury to the neck and conservative treatment options available and authorized. Corizon, Inc. was preparing an appeal the Wexford's disposition of its February 14, 2012 request, which was subsequently reversed and rendered

moot by Plaintiff's admission to hospital on February 27, 2012. Corizon's investigation is ongoing and it reserves the right to supplement or amend this answer.

**INTERROGATORY 4:** If Corizon, Inc. reduced to writing the substance of any discussions between its agents, servants or employees and Wexford Health Sources, Inc. regarding utilization review decisions you participated in concerning the Plaintiff, please identify the current custodian, the date the document was created.

**ANSWER:** See Plaintiff's medical records, previously produced by Wexford.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**

*/s/ Jennifer E. Cameron*

Jennifer E. Cameron
Michelle J. Marzullo
600 Baltimore Avenue, Suite 305
Towson, MD 21204
(410) 339-6880
*Attorneys for Defendant Corizon, Inc.*

## VERIFICATION

I am Thomas A. Smith, Senior Professional Liability Litigation Manager of Corizon, Inc. I do solemnly declare and affirm, under penalties of perjury, that the foregoing Answers to Interrogatories are true and correct to the best of Corizon, Inc.'s knowledge, information and belief.

*[signature]*

Thomas A. Smith
Senior Professional Liability Litigation
Manager
Corizon, Inc.