# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STEVEN POLING,** | * |
| Plaintiff, | * |
| v. | * Case No. RWT 12-cv-454 |
| **VONNIE MARSCHIK, ET AL.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION AND ORDER

On June 5, 2015, Defendant Wexford Health Sources, Inc. ("Wexford") filed a Motion for Partial Summary Judgment as to Count I, in which Plaintiff asserted a claim under 42 U.S.C. § 1983. ECF Nos. 101, 30. The Court heard oral arguments on September 17, 2015, following which it entered an order denying the motion. ECF No. 116. On October 6, 2015, Wexford filed a Motion to Reconsider arguing that the Court incorrectly applied the law when it denied Wexford's Motion for Partial Summary Judgment and urging the Court to reconsider its decision. ECF No. 120. In its Motion to Reconsider, Wexford maintains that Plaintiff failed to establish a constitutional deprivation based on policy or custom and therefore summary judgment as to Count I was warranted. ECF No. 120-1 at 3.

Although the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, the local rules of this Court permit the filing of a motion for reconsideration within ten days of the issuance of the order that is the subject of the motion. L.R. 105.10. The rule contains no standard for its application, nor has the Fourth Circuit identified such a standard. *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001). The denial of partial summary judgment is

an interlocutory order subject to reconsideration under Rule 54(b). The Fourth Circuit has said that, because a "decision not to grant summary judgment does not resolve any factual or legal issue…[i]t is well accepted that no more justification need be offered to support a trial judge's reversal of his or another district judge's negative ruling on a summary judgment motion than the mere assertion that the judge changed his or her mind, or disagreed with the conclusion of his or her predecessor." *Washington v. Digital Equip. Corp.*, No. 91-1217, 1992 WL 167946, at *6 (4th Cir. July 21, 1992) (citing *Cale v. Johnson*, 861 F.2d 943, 948 (4th Cir. 1988); *Foster v. Tandy Corp.*, 828 F.2d 1052, 1058 (4th Cir. 1987); *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986)). In the widely cited case of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983), the court noted that there are "circumstances when a motion to reconsider may perform a valuable function," concluding that such a motion "would be appropriate where…the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension," or where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." "Such problems rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc.*, 99 F.R.D. at 101.

When a motion for reconsideration "raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized." *Pritchard v. Wal-Mart Stores,* 2001 WL 101473, *1 (4th Cir. Feb. 7, 2001) (citing *United States v. Williams,* 674 F.2d 310, 312 (4th Cir. 1982)); *see also Shields v. Shelter,* 120 F.R.D. 123, 125-26 (D. Colo. 1988) (observing that a motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple"). The underlying logic of these cases is to require that parties ensure the motions they file are "complete with respect to facts, law and

advocacy." *Potter*, 199 F.R.D. at 552-53. "Once a court has issued its ruling, unless one of the specific grounds noted above can be shown, that should end the matter, at least until appeal. Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court." *Id.*

Defendant has failed to make any of the showings necessary for the Court to reconsider its previous ruling. Wexford's Motion to Reconsider merely restates the same facts and reargues its position put forth in the Motion for Partial Summary Judgment—that there was no "pervasive past pattern of widespread, rampant and flagrant deprivations" of medical care and that Wexford was not the final decision-making authority. ECF No. 120-1 at 13, 16-18. The Court already considered these arguments when it reviewed the parties' substantial filings and heard two hours of oral argument at the motions hearing, and, being required to draw "all justifiable inferences" in favor of the Plaintiff, rejected them. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Wexford is simply entreating the Court to "rethink what the Court ha[s] already thought through." *Above the Belt, Inc.*, 99 F.R.D. at 101.

Accordingly, it is this 13th day of November, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant Wexford's Motion to Reconsider (ECF No. 120) is hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE